UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>            Plaintiff/Respondent,<br><br>   v.<br><br>KOU YANG,<br><br>            Defendant/Petitioner. | No. 2: 08-cr-0093 KJM<br><br><br>ORDER |

On March 13, 2013, subject to a written plea agreement, petitioner Kou Yang pled guilty to a single felony count based on her role in a multi-defendant mail fraud conspiracy. On November 12, 2014, the court sentenced her to 48 months in prison. She now moves to vacate, set aside, or correct her sentence under 28 U.S.C. § 2255 based on "intervening change[s] in law" effected by two 2015 Sentencing Guidelines amendments: Amendment 792 which changed the language of the "sophisticated means" enhancement under U.S.S.G. § 2B1.1(b)(10), and Amendment 794 which changed the application notes applying § 3B1.2's "minor role" reduction for defendants whose conduct was less culpable than other participants. Petition, ECF No. 1520. The government opposes. Opp'n, ECF No. 1522. As explained below, the court DENIES Yang's petition.

/////

1

I.     BACKGROUND

At Yang's sentencing on November 12, 2014, Sentencing Mins., ECF No. 1060, consistent with the parties' plea agreement, the court applied a two-level enhancement for using "sophisticated means," and the court did not apply a downward adjustment for a "minor role" in the conspiracy. Plea Agmt., ECF 639, at 10-11; U.S.S.G. § 3B1.2 (minor role); U.S.S.G. § 2B1.1(b)(10) (sophisticated means). The resulting Guidelines range was 108 to 135 months, based on an offense level of 30 and a Category II criminal history. Presentencing Investigation Report ("PSR"), ECF No. 1015, at 17 (sealed); Plea Agmt. at 11. The Probation Officer recommended a low-end, 108-month sentence. Yang's cooperation led the government to move for a downward departure, which the court granted, reducing the low-end of the Guidelines to 54 months. Plea Agmt. at 7; ECF Nos. 1073, 1074 (sealed). The court ultimately varied downward and sentenced Yang to 48 months in prison. Sentencing Mins., Judgment & Commitment, ECF 1079.

Yang raises two grounds for reducing her sentence now. Petition at 4-5. First, she argues Amendment 794 entitles her to a two-level "minor role reduction" because she was merely a "loan processor" and was thus "substantially less culpable than the average participant in the criminal activity." *Id.* at 4. Second, she argues § 2B1.1(b)(10)'s "sophisticated means" enhancement no longer applies to her in light of Amendment 792, which focuses on her individual conduct's sophistication, not the conspiracy's sophistication as a whole. *Id.* at 5.

II.    ANALYSIS

  A. Section 2255

To the extent this petition is brought under § 2255, it cannot succeed. First, Yang identifies no proper grounds for § 2255 relief. Federal prisoners may move to set aside or correct their sentence under § 2255 only if they can allege "the sentence was imposed in violation of the Constitution or laws of the United States, or that the court was without jurisdiction to impose such sentence, or that the sentence was in excess of the maximum authorized by law, or is otherwise subject to collateral attack." 28 U.S.C. § 2255(a). This section does not, as relevant here, provide for a resentencing based on intervening changes to the Sentencing Guidelines. *See*

*United States v. Yanez*, No. 13CR3515-LAB-1, 2016 WL 4248541, at *1 (S.D. Cal. Aug. 11, 2016) (deciding the same). The proper vehicle for such a claim is 18 U.S.C. § 3582, discussed below.

Second, Yang's motion is untimely under 28 U.S.C. § 2255(f). Petitions under § 2255 must be filed within one year of the latest of four events: (1) the final conviction date; (2) the date a government-imposed impediment to filing the motion was removed; (3) the date the Supreme Court recognized and made retroactively applicable a new constitutional right; or (4) the date upon which newly discovered facts supporting the § 2255 claim could reasonably have been discovered. 28 U.S.C. § 2255(f)(1)-(4).

Yang's motion is untimely under § 2255(f)(1), and her arguments and allegations do not trigger the other grounds. Yang's sentence, judgment and commitment became final on November 18, 2014. Judgment, ECF No. 1179. She filed this petition in September 2016, well beyond the one-year limitations period. None of the other triggering events apply as Yang does not allege a government impediment, a new right recognized and made retroactive by the Supreme Court, or any newly discovered facts. *See* § 2255(f)(2)-(4); *see generally* Petition. In particular, Sentencing Guidelines amendments are not "newly discovered facts" for purposes of a § 2255 timeliness analysis. *United States v. Valencia*, No. 13-CR-6029-EFS, 2016 WL 4491848, at *2 (E.D. Wash. Aug. 25, 2016) ("passage of Amendment 794 is not the type of event that restarts the clock for the § 2255 statute of limitations"); *See Yanez*, 2016 WL 4248541, at *1 (section 2255 motion based on Amendment 794 relief was untimely when filed more than one year after judgment). Nor has Yang alleged any "extraordinary circumstances" to toll the limitations period. *Calderon v. United States Dist. Court*, 128 F.3d 1283, 1288 (9th Cir. 1997), *overruled on other grounds*, 163 F.3d 530, 541 (9th Cir. 1998).

The court DENIES Yang's motion to the extent it relies on § 2255 as the record conclusively shows she is not entitled to relief. *See* 28 U.S.C. § 2255 (summary dismissal appropriate if motion and files and records conclusively show prisoner is entitled to no relief); *United States v. Gonzalez*, 214 F.3d 1109, 1111 (9th Cir. 2000).

/////

B. Section 3582

Although labeled a § 2255 Petition, the court liberally construes Yang's Petition, filed by Yang herself, as one for a sentence reduction under 18 U.S.C. § 3582. This section authorizes district courts, in specified scenarios, to reduce a prison sentence "based on a guideline range that is later lowered by the Sentencing Commission." 18 U.S.C. § 3582(c)(2). Construing the petition in this manner comports with "the duty of federal courts to construe *pro se* pleadings liberally[.]" *Hamilton v. United States*, 67 F.3d 761, 764 (9th Cir. 1995) (citation omitted) (doing so under a similarly phrased petition). Even under this liberal construction, however, Yang's petition cannot succeed.

1. Legal Standard

Generally, a federal court may not modify a prison term after it has been imposed. *Dillon v. United States*, 560 U.S. 817, 819 (2010) (citation omitted). Section 3582(c) provides an exception by which district courts may reduce sentences "based on a guideline range that is later lowered by the Sentencing Commission." *United States v. Rodriguez-Soriano*, 855 F.3d 1040, 1042 (9th Cir. 2017) (citing § 3582(c)(2)). Determining whether a sentence reduction is appropriate under § 3582(c)(2) entails a two-step inquiry. *United States v. Dunn*, 728 F.3d 1151, 1155 (9th Cir. 2013) (citing *Dillon*, 560 U.S. at 817). Step one asks whether a prisoner is "eligible for a sentence modification under the Commission's policy statement in U.S.S.G. § 1B1.10." *Id.* (citing Dillon, 560 U.S. at 817-18). That policy statement enumerates a list of Guidelines amendments that are available to retroactively reduce sentences imposed for certain offenses. *See* U.S.S.G. § 1B1.10(d). If the answer at step one is no, the analysis ends there and the court lacks jurisdiction to modify the sentence under § 3582(c)(2). *United States v. Spears*, 824 F.3d 908, 916 (9th Cir. 2016). If the answer is yes, the district court turns to step two and weighs certain factors to assess whether a sentence reduction is warranted. *Dunn*, 728 F.3d at 1155 (citing Dillon, 560 U.S. at 818).

2. Discussion

Here, Yang's petition cannot succeed on step one. Yang's sentence modification request relies on 2015 Amendments 792 and 794. Petition at 4-5. Amendment 792 relates to

4

enhancements for using "sophisticated means" under U.S.S.G. § 2B1.1(b)(10); Amendment 794 relates to U.S.S.G. § 3B1.2(b), which allows judges to reduce an offense level when the defendant plays only a "minor role" in a crime.

Neither Amendment applies retroactively. To reduce a sentence under § 3582, judges may retroactively apply only Guidelines amendments expressly identified in U.S.S.G. § 1B1.10(d). So defined, the list of Guidelines amendments that may apply retroactively is limited to the following: "126, 130, 156, 176, 269, 329, 341, 371, 379, 380, 433, 454, 461, 484, 488, 490, 499, 505, 506, 516, 591, 599, 606, 657, 702, 706 as amended by 711, 715, 750 (parts A and C only), and 782 . . . ." U.S.S.G. § 1B1.10(d). If an amendment is not listed in § 1B1.10(d), the court cannot rely on it to effect a retroactive sentence reduction under § 3582, as doing so would not be "consistent with" § 1B1.10(a)(1)'s policy statement.

Because neither Amendment 792 nor Amendment 794 are included in this exhaustive list, Yang is not entitled to relief under § 3582 based on either Amendment. Several sister courts have reached the same conclusion. *United States v. Smith*, No. 2:12-CR-04-APG-GWF, 2017 WL 2450236, at *2 (D. Nev. June 6, 2017) (finding neither Amendment 794 nor Amendment 792 apply retroactively); *United States v. Mendez*, No. 1:07-CR-58-LJO-3, 2017 WL 2298078, at *4 (E.D. Cal. May 25, 2017) ("Amendment 794 was not given retroactive effect for purposes of a § 3582 motion, as Amendment 794 is not listed among the covered amendments in USSG § 1B1.10(d) under the policy statement authorizing the court to reduce a defendant's term of imprisonment pursuant to 18 U.S.C. § 3582(c)(2).") (citation and quotation marks omitted); *United States v. Nunez*, No. CR–13–00383–PJH–1, 2017 WL 119169, at *5 (N.D. Cal. Jan. 12, 2017) (same); *Kandi v. United States*, No. CV16-5389RBL, 2016 WL 6395132, at *2 (W.D. Wash. Oct. 27, 2016) (same as to Amendment 792), *cert. of appealability denied*, No. 16-36019, 2017 WL 6276129 (9th Cir. Mar. 7, 2017). Accordingly, granting a sentence reduction in light of either Amendment 792 or Amendment 794, or both, would not be "consistent with" § 1B1.10's policy statement, precluding the court's need to move to the second step of the analysis.

The Ninth Circuit's holding in *Quintero-Leyva* does not change this conclusion. *See United States v. Quintero-Leyva*, 823 F.3d 519, 521-23 (9th Cir. 2016). In that case, the court

deemed Amendment 794 retroactively applicable to the case pending direct appeal where defendant had preserved the issue for appeal and the amendment was proposed and adopted while the appeal was pending; the court expressly declined to decide if the Amendment applies retroactivity to cases pending collateral review. *Id.* But the "appeal did not present the issue of whether, under the Amendment, a defendant who has exhausted his direct appeal can move to reopen sentencing proceedings" so the court "decline[d] to reach th[at] issue." *Id.* at 521 n.1. Courts universally have declined to extend *Quintero-Leyva* to collateral review. *See, e.g.*, *United States v. Charles*, No. 112CR221LJOSKO1, 2017 WL 3641787, at *3 (E.D. Cal. Aug. 24, 2017) ("it is clear that *Quintero-Leyva* has no application in § 3582 proceedings, because *Quintero-Leyva* applies only in cases on direct appeal.") (citations omitted); *Mendez*, 2017 WL 2298078, at *4 (same); *Hernandez v. United States*, No. 12-CR-4965 DMS, 2016 WL 7469907, at *2 (S.D. Cal. Nov. 22, 2016) (same); *Yanez*, 2016 WL 4248541, at *1 (same); *see also United States v. Stokes*, 300 Fed. Appx. 507, 508 (9th Cir. 2008) (summarily affirming district court's judgment; clarifying amendments do not apply retroactively in sentencing reduction motions pursuant to § 3582(c)(2)). Here, Yang seeks collateral review so her case is not pending direct appeal; *Quintero-Leyva* is inapplicable.

Yang's petition cannot succeed under § 3582.

III. <u>CERTIFICATE OF APPEALABILITY</u>

To appeal this order, Yang must receive a certificate of appealability. 28 U.S.C. § 2253(c)(1)(B); Fed. R. App. P. 22(b)(1); 9th Cir. R. 22–1(a). To obtain this certificate, Yang "must make a substantial showing of the denial of a constitutional right, a demonstration that . . . includes showing that reasonable jurists could debate whether (or, for that matter, agree that) the petition should have been resolved in a different manner or that the issues presented were adequate to deserve encouragement to proceed further." *Slack v. McDaniel*, 529 U.S. 473, 483-84 (2000) (citation and quotation marks omitted). Because the authority cited above conclusively bars Yang's appeal, this court declines to issue a certificate of appealability.

/////

/////

## IV. CONCLUSION

The court DENIES Yang's petition in full, with prejudice. To the extent the petition derives from 28 U.S.C. § 2255, it is untimely and identifies no appropriate relief. Even if construed as a timely 18 U.S.C. § 3582 petition, neither amendment Yang identifies applies retroactively under U.S.S.G. § 1B10(d) and the court thus lacks jurisdiction to reduce her sentence. No certificate of appealability will issue.

IT IS SO ORDERED.

This resolves ECF No. 1520.

DATED: March 5, 2018.

_____
UNITED STATES DISTRICT JUDGE